**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                                                    Case No.: 8:19-cr-548-WFJ-SPF

JOSE EMILIO PILLIGUA-
MENDOZA
_____/

## ORDER

Citing Amendment 821 to the United States Sentencing Guidelines, Jose Emilio Pilligua-Mendoza, USM#: 73029-018, moves (Dkt. 136) unopposed for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what

circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On July 10, 2020, Jose Emilio Pilligua-Mendoza was sentenced under 46 U.S.C. §§ 70503(a), 70506(a) and (b), 21 U.S.C. § 960(b)(1)(B)(ii), and 18 U.S.C. § 2 to 90 months. Jose Emilio Pilligua-Mendoza's total offense level was 33. He was assessed no criminal history points, and his criminal history was category I. Mr. Pilligua-Mendoza's advisory sentencing range was 135-168 months, and he received a sentence well below the advisory range. Specifically, he received a four-level downward departure for substantial assistance (5K1.1). The Bureau of Prisons reports that his projected release is March 27, 2025.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821.  USPO submits a memorandum reporting that Jose Emilio Pilligua-Mendoza is eligible for a sentence reduction and reporting that a two-level decrease based on Amendment 821 reduces the offense level to 31 and reduces his advisory sentencing range to 108-135.  The Federal Defender appears, confirms Jose Emilio Pilligua-Mendoza's eligibility for a reduction, and moves unopposed to reduce his sentence to 72 months (an 18-month reduction in his 90-month sentence).  Counsel arrives at 72 months by arguing for a comparable four-level or 33% downward departure from the reduced range.

The Court's discretion is guided by the sentencing factors in 18 U.S.C. § 3553(a), and finds those factors militate against a reduction in sentence.  Defendant is a native of Ecuador and was a part of a large Colombian marine smuggling venture involving well over a ton of pure cocaine, transported into the Eastern Pacific Ocean.  Movant obstructed the arrest by jettisoning bales of cargo, and the Coast Guard recovered 23 jettisoned bales from the water.  Movant received a significant downward departure, and the sentence now in place is the just one.

The Court finds that the sentencing factors in 18 U.S.C. § 3553(a) require this motion to be denied. The current sentence is in line with those factors, specifically and properly reflecting the "nature and circumstances of the offense" after input and consideration of the present motion, and also after the detailed input and the parties', USPO's, and judicial careful labor at the time of sentencing. *See id.* at (a)(1) (consideration of nature and circumstances of the offense). To reduce this sentence further would not properly "reflect the seriousness of the offense" or "promote respect for the law." *See id.* at (a)(2)(A). The sentences courts impose (and the sentences courts reduce) have an effect upon deterrence (see *id.* at (a)(2)(B)) and deterrence would be impaired by this proposed reduction.

Mr. Jose Emilio Pilligua-Mendoza's motion (Dkt. 136) for a reduction in sentence is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida on November 12, 2024.

*[signature]*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**